# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARKEL AMERICAN
INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

                                              Case No. 10-11667
v.                                             Hon. Lawrence P. Zatkoff

LORN H. OLSEN,

    Defendant/Counter-Plaintiff.

_____/

## ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Markel American Insurance Company's ("Plaintiff") Motion to Amend/Correct Complaint [dkt 51]. Defendant/Counter-Plaintiff Lorn H. Olsen ("Defendant") has filed a response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion to Amend be resolved on the briefs submitted. For the following reasons, the Motion to Amend is DENIED.

## I. BACKGROUND

Defendant was the owner of a 1982, 56-foot yacht ("Camelot") that he purchased in March 2006. As of August 2007, the Camelot was insured under a Helmsman Yacht Policy of Insurance, #YH5069549-62 (the "Policy"), issued by Plaintiff.

On or about October 24, 2009, Defendant and several passengers departed Hayes, Virginia, onboard the Camelot to travel to Ft. Lauderdale, Florida. They arrived and moored the vessel on November 3, 2009. According to Defendant, during that trip, the Camelot experienced no mechanical or equipment failures, no leaking, and no taking on of water other than that routinely expected of all water-

bound vessels. During the journey, Defendant states that he performed the normal, routine and regular inspections that he would on any journey, including inspections of the bilge areas in the mechanical room where the raw water intake hose was located.

On November 4, 2009, Defendant left the Camelot docked in Florida. On November 7, 2009, Defendant received a telephone call advising him that the Camelot had begun taking on water late in the evening on November 6, 2009, and that by early morning November 7, 2009, the Camelot was completely submerged at its dock. The parties agree that the vessel sank in calm waters while tied to the dock.

Defendant submitted a claim to Plaintiff for the loss of the Camelot in November 2009. Once it received the claim, Plaintiff retained a marine surveyor to investigate the cause of the sinking. The surveyor ultimately concluded that "the hose failed due to long-term degradation, wear and tear, and corrosion." In a letter dated December 1, 2009, Plaintiff denied Defendant's claim based on two coverage exemptions in the Policy. The first excludes loss or damage caused by "[w]ear and tear, gradual deterioration . . ." ("wear and tear exemption"); and the second excludes loss or damage caused by Defendant's "[f]ailure to maintain the insured yacht (including its machinery and equipment) in good condition[.]" ("failure to maintain exemption"). Based on these exemptions, Plaintiff stated that:

> The hose failed over time due to wear and tear and/or gradual deterioration. The condition of the hose is suggestive that it was original to the vessel and had not been replaced. The vessel sank in calm waters at the dock.
>
> Due to the above stated policy provisions, we cannot provide coverage for your claim as presented[.]

On April 23, 2010, Plaintiff filed suit in this Court seeking a declaratory judgment in relation to its denial of coverage. In the Complaint, Plaintiff cited both the "wear and tear" and "failure to maintain" exemptions to support its denial of coverage. In turn, Defendant filed a counter-complaint to recover under the Policy.

Plaintiff subsequently brought the instant Motion seeking to amend the Complaint to include only a denial of coverage on the basis of "wear and tear" exemption, foregoing any reliance on the "failure to maintain" exemption. Defendant opposes the Motion.

## II. LEGAL STANDARD

A party may amend its pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may amend it at any time within 20 days after the party is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party; and leave of court shall be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a) (emphasis added); *Crawford v. Roane,* 53 F.3d. 750, 753 (6th Cir. 1995). In evaluating the interests of justice, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell, 161* F.3d. 320, 341 (6th Cir. 1998), quoting *Brooks v. Celest,* 39 F.3d. 125, 130 (6th Cir. 1994).

## III. ANALYSIS

Defendant opposes Plaintiff's Motion arguing that, were the Court to grant Plaintiff's Motion, Defendant would suffer prejudice due to Plaintiff's undue delay and bad faith in bringing the Motion. According to Defendant, Plaintiff is relinquishing the "failure to maintain" exemption for the purpose of objecting to any evidence Defendant may seek to introduce at trial in regard to his maintenance of the Camelot. Defendant's counsel claims that, based on conversations with Plaintiffs' counsel, Plaintiff intends to object to any evidence presented regarding the quality or sufficiency of the maintenance Defendant performed on the vessel. Defendant sees such evidence as highly relevant in this case, as

Plaintiff's denial of coverage was based on both the "wear and tear" and "failure to maintain" exemptions.

The Court finds that the interests of justice do not favor granting Plaintiff's motion. Given that the bench trial in this case is scheduled to begin April 2, 2013, Plaintiff's motion is untimely. Moreover, allowing Plaintiff to amend would result in undue prejudice in the event that Plaintiff seeks to exclude evidence of the Camelot's maintenance and upkeep. The Court notes, however, that should Plaintiff desire to forego the "failure to maintain" exemption, Plaintiff may simply decline to rely on that exemption at trial.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend/Correct Complaint [dkt 51] is DENIED.

IT IS SO ORDERED.

Date:   March 27, 2013                             s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE